## PETITION OF MONT-VERNON.

Where a new highway is laid out partly over an old travelled road, the portion thus laid can properly be said to be constructed and opened for public travel only in connection with the construction and opening for travel of that portion of the same new highway laid over new ground; and the portion laid over new ground not having been constructed, a report recommending the discontinuance of all the new highway not constructed and open for public travel, is in substance and effect the same as a report recommending the discontinuance of the whole new highway.

It is sufficient in a report discontinuing a highway to describe it as the highway laid out upon the petition of certain individuals named, without particularly setting it forth by metes and bounds, courses and distances.

It is no objection to the proceedings of commissioners on a petition for discontinuing a highway, that they were required by their commission to report to the court, whether, in their opinion, it would be proper and for the interest of the public that the prayer of the petition should be granted, and the highway discontinued in accordance therewith.

PETITION of the town of Mont-Vernon for leave to discontinue a highway, laid out within its limits on the petition of George Kenny and others.

Jesse Trow, one of the original petitioners, appeared to oppose its discontinuance.

This petition was referred to the county commissioners for Hillsborough county, at the April term of the Court of Common Pleas, 1857, and at the April term, 1858, they submitted their report upon said petition, wherein they recommended " that all that part of said highway laid out on the petition of George Kenny and others, in the town of Mont-Vernon, and which is not now constructed and open for travel, be discontinued." Objection being made to this report, that the highway discontinued was not described with sufficient certainty, the report was recommitted to said commissioners for amendment; and, at the same term, they again reported, recommending " that all

of said highway, so laid out upon the petition of George Kenny and others, in the town of Mont-Vernon, be discontinued." This amendment was made without a hearing of the parties in interest.

The descriptive portion of the highway in said petition was in the words following, to wit: "the highway recently laid out from or near John Carleton's, to Milford, on the petition of George Kenny and others."

The instructions to the commissioners accompanying the commission on said petition, in addition to the directions contained in the rule of court upon that subject, contained the words following, to wit: "You will report to this court whether, in your opinion, it would be proper, and for the interest of the public, that the prayer of the petition should be granted, and said highway discontinued accordingly."

A portion of said highway sought to be discontinued in Mont-Vernon, was laid over and upon an existing highway, constructed, opened and used for public travel.

In said report there is no other description of that portion of the highway recommended to be discontinued, than a reference to that portion of said petition descriptive of the highway.

On motion of Mont-Vernon for judgment on said report, Jesse Trow excepted to said report for the reasons following:

1. The said amended report recommends the discontinuance of a much larger portion of said highway than did said report, before recommittal and amendment. Said Trow contends that if a report is recommitted to the county commissioners for amendment, if it is amended without a hearing had by the commissioners of the parties in interest, the report should be in substance the same, in form only amended.

2. The description of that portion of the highway recommended to be discontinued, is defective from uncertainty.

3. The commission on said petition contained instructions not warranted by law, reference hereby being had to the words herein before quoted from said instructions.

These exceptions were overruled by the court, and judgment ordered upon the report; to which ruling Jesse Trow excepted, and filed his bill of exceptions, which was allowed by the court.

*O. W. Lull*, for the original petitioner.

*Clark & Smith, Morrison & Stanley*, for Mont-Vernon.

FOWLER, J.   The first exception rests on two positions: First, that the amended is substantially different from the original report; and, secondly, that county commissioners, upon the recommittal to them by the court of a report for amendment, can have no authority to amend it, in any matter of substance, without notice to parties interested and a new hearing had, or an opportunity to be heard being given.   It is unnecessary now to determine the correctness or incorrectness of the latter position, inasmuch as we are clearly of opinion that the former is untenable.

The original report recommended the discontinuance of " all that part of said highway laid out on the petition of George Kenny and others, in the town of Mont-Vernon, and which is not now constructed and open for public travel."   The amended report recommends " that all of said highway, so laid out upon the petition of George Kenny and others, in the town of Mont-Vernon, be discontinued."   The case finds that a portion of the highway laid out in Mont-Vernon, on the petition of George Kenny and others, was laid over and upon an existing highway, opened and used for public travel.   The original report was probably regarded as ambiguous, it being supposed to be uncertain from its language whether the commissioners intended by it to recommend the discontinuance

of that portion of the highway laid out in Mont-Vernon, on the petition of Kenny and others, over new ground only, or the whole road, as laid out on said petition in Mont-Vernon, part of which was over an existing highway. Had it been considered—as seems to us the necessary and inevitable conclusion—that the new highway, as laid over an existing highway, on the petition of Kenny and others, could never properly be regarded as constructed and open for travel, except as part of a continuous route in connection with the construction and opening for travel of that portion of the same highway which had been laid over new ground, the supposed ambiguity would have entirely vanished, and the original report must have been holden to recommend—precisely what the amended report requires—the discontinuance of the entire new highway, as laid out in Mont-Vernon on the petition of Kenny and others, whether upon new ground or over a preëxisting highway.

The second exception is understood to rest on the omission, in the report of the commissioners, of a minute and particular description, by metes and bounds, courses and distances, of the road recommended to be discontinued. No such description was necessary, or even desirable, as it could have answered no other purpose than unnecessarily to encumber the records. That is certain which may be made certain ; and the description of the highway discontinued, by reference to the record of the laying out thereof, upon the petition of Kenny and others, to be found extended at length in the same court, was sufficiently certain and specific to enable the court to know and understand, without possibility of mistake, what particular road was designed to be discontinued, and its exact locality and characteristics. *Milford's Petition*, 37 N. H. 57.

We are unable to discover any thing improper or unwarranted by law in the instructions to the commissioners, to which objection is made in the third exception taken.

The statute requires all petitions relating to roads to be referred to the commissioners, and in petitions for the discontinuance of highways the long established rule of court requires them to report specifically whether any and what changes have occurred since the highway sought to be discontinued was laid out, rendering its construction no longer necessary, and its discontinuance expedient and proper. The commissioners are the officers of the law and of the court, for the purpose of examining the routes, hearing the parties and determining, in the first instance, the propriety and expediency, under all the circumstances presented for their consideration, of discontinuing existing highways. The instructions to which exception was taken are only a minute and detailed reiteration of the substantial requirements of the statute, and of the recognized form of commissions in such cases.

As the rulings of the court below appear to have been correct and proper, the exceptions to the judgment rendered upon the amended report of the commissioners, in accordance with those rulings, must be overruled, and the judgment affirmed.

*Exceptions overruled.*